IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Veneisha Coulter,** | § |
| *Plaintiff,* | § § § |
| v. | §   Case No.   21-2776 |
| **State Farm Mutual Automobile Insurance Company,** | § § § § **JURY DEMAND** |
| *Defendant.* | § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff VENEISHA COULTER ("Plaintiff" or "Coulter"), by and through her counsel, complains of her former employer, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Defendant" or "State Farm"), and hereby alleges as follows:

### I.   PRELIMINARY STATEMENT

Plaintiff, Veneisha Coulter, is an individual with a disability. Plaintiff brings this action against Defendant State Farm pursuant to Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* stemming from, among other things, State Farm's failure to promote based upon disability, failure to provide a reasonable accommodation, failure to participate in an interactive process, and termination in retaliation for complaining of such discrimination.

## II.     PARTIES

1. Plaintiff Coulter is a female citizen of the United States and a resident of the City of Dallas, Dallas County, Texas. Coulter was employed by the Defendant at all times relevant to the allegations set forth in this Complaint.

2. Defendant State Farm Mutual Automobile Insurance Company is a mutual insurance company corporation organized and existing under the laws of Illinois and is not a citizen of the State of Texas. Defendant is licensed by the Texas Department of Insurance, NAIC No. 25178, to write insurance in the State of Texas. Defendant maintains a principal place of business and operations center at 3950 Regent Blvd, Irving, TX 75063 in Dallas County, Texas. State Farm may be served with this complaint and citation <u>by serving its registered agent for service of process, Corporation Service Company, 211 E 7th St., Ste. 620, Austin, TX 78701</u>.

## III.     JURISDICTION AND VENUE

3. This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188.

4. Venue is proper in the United States District Court for the Northern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in Dallas, Texas.

## IV.     BACKGROUND

5. Over 30 years ago, Congress determined that disabled people, such as the Plaintiff, were being discriminated against. Specifically, Congress found, in part, the following:

    a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    d) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

    e) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities.

42 U.S.C. 12101(a) (emphasis added).

6. As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 et seq. That act forms a basis for this action. The ADA was designed to do several things, specifically:

    a) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

      c) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

      d) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. 12101(b).

7. These laws have been in effect for over 3 decades. Congress empowered individual disabled citizens to enforce this law through a private cause of action. Giving this right to millions of disabled individuals, was the primary method for enforcing violations of this law and it greatly increases the likelihood of compliance therewith.

8. Accordingly, Plaintiff brings this lawsuit to enforce her rights under the laws of these the United States of America and in accordance with common law and legal precedent.

### V. ADMINISTRATIVE PROCEDURES EXHAUSTION

9. Plaintiff filed a charge of employment discrimination against Defendant with the District Office of the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last discriminatory act. A copy of the EEOC charge is attached hereto as Exhibit "A" and incorporated by reference as if fully set forth herein.

10. Plaintiff received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated August 12, 2021, entitling her to institute a civil action within 90 days of the date of the receipt of said notice. A copy of the "Notice of Right to Sue" letter is attached hereto as Exhibit "B".

## VII.   Facts Supporting Disability Discrimination

11.   Plaintiff incorporates the foregoing as if fully set forth herein.

12.   State Farm hired Plaintiff as a Claims Associate in the Express Claims Department in Dallas, Texas on October 27, 2014. At the time relevant to this lawsuit, Plaintiff was a Claims Associate in the PIP/MPC division, also in Dallas. In this role, Plaintiff's duties included processing coverage analysis tasks with direction from claim handlers and completing claim tasks as directed.

13.   Plaintiff applied for a Claims Specialist position in October 2018. Prior to applying, Plaintiff had applied for and/or received leave under the Americans with Disabilities Act ("ADA"), Short Term Disability ("STD"), and/or the Family Medical Leave Act ("FMLA"). In addition, on or about October 1, 2018, Plaintiff had requested a reasonable accommodation for her disability (sciatica), including an ergonomic chair, gel padding for the chair to relieve tension on her spine, a back pad, and a footrest.

14.   Plaintiff received an email in November 2018 that State Farm was pursuing other applicants whose work background and skills more closely fit its current need, effectively rejecting her application for a promotion.

15.   Upon information and belief, State Farm's stated reason for not hiring Plaintiff was because the position required a degree. But the same day Plaintiff received this alleged excuse from her employer, Plaintiff overheard several conversations among employees of Defendant identifying Claims Associates who do not have degrees that had been promoted to Claims Specialist. Even worse, another Claims Associate who was on

a "shield" (a form of corrective action due to absences) was promoted to the Claims Specialist position.

16. After discovering these instances, Plaintiff called and emailed Human Resources for State Farm. The purpose of her call and email was two-fold. First, Plaintiff wanted to express her concern that her personal information was being discussed without her permission. Second, Plaintiff sought to that herself and others had not been chosen for interviews for the Claims Specialist position due to ADA, STD, and/or FLMA applications/disability leave.

17. Later, in November 2018, Plaintiff was told by State Farm that it would not provide a reasonable accommodation for her disability. Also, during this same month Plaintiff was called into her supervisor's office and was chastised for failing to talk to him or a manager before calling Human Resources. The supervisor then accused Plaintiff of making "false" accusations about Defendant.

18. In December 2018, Plaintiff contacted the Ethics and Compliance Department and cited competing and lack of fair dealing with others, retaliation, hostile work environment. In addition, Plaintiff complained about her supervisor's intimidating behavior, which violated the company's Workplace Safety and Security Policy. Plaintiff further complained of favoritism.

19. Upon a management change, Plaintiff complained to her new manager that there were at least four (4) additional employees including herself who had not received interviews for the Claims Specialist position. The only factor these employees had in common were that they all were associated with some form of ADA, FLMA, or STD leave.

20. Between February and March 2019, Plaintiff complained to management that she was concerned about the company's policy requiring the changing of signature dates on the UDF procedures. Plaintiff complained that such policy is a potential CMS violation and that she was not comfortable changing the dates.

21. Inexplicably, on April 11, 2019, Plaintiff was advised that she was under investigation regarding alleged timecard tampering. During Plaintiff's years of employment with State Farm, she kept her time accurately in the same way that she was instructed by her superiors and was never told that her time keeping was improper. Indeed, upon information and belief, other State Farm employees kept their time in the same way as Plaintiff and they were not fired. Additionally, State Farm has used the same pretextual allegation – time card tampering/improper time keeping – to fire other employees who have complained of discrimination or have had potential discrimination claims.

## VII.   CAUSE OF ACTION

### Count One—Disability Discrimination and Retaliation

22. Plaintiff incorporates the foregoing as if fully set forth herein.

23. To establish a prima facie case of disparate treatment under the Americans With Disabilities Act 42 U.S.C. § 12101 et seq. (the "ADA"), a plaintiff must show that: (1) she had a disability within the meaning of the ADA; (2) she was qualified and able to perform the essential functions of the job; and (3) she suffered an adverse employment action because of her disability. *Neely v. PSEG Texas, Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir.2013). The ADA defines a "disability" as "a physical or mental impairment that

substantially limits one or more major life activities of [an] individual; a record of such impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102. An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that she has been "subjected to a prohibited action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

24. Plaintiff had a disability at the time of the events which give rise to the claims in this lawsuit. Specifically, Plaintiff was suffering from sciatica and back problems which had been medically diagnosed and for which she had received some leave from State Farm.

25. Despite her disability status, Plaintiff was qualified and able to perform the essential functions of the job she was performing at the time of her termination and the jobs for which she applied.

26. On information and belief, the Defendant followed a policy and practice of discrimination against Plaintiff because of her disability (sciatica), in violation of the ADA. The discriminatory practices and policies include, but are not limited to, the following:

    a) termination of her employment;

    b) failing to make reasonable accommodations for Plaintiff's disability;

    c) discriminating against Plaintiff in the terms, conditions, and privileges of employment; and

    d) retaliating against Plaintiff in violation of the Act.

27. Plaintiff has suffered compensatory damages as result of the Defendant's discriminatory treatment of her. Plaintiff was earning approximately $50,500.00 per year prior to the termination. Thus, Plaintiff is entitled to recover the earnings and benefits lost in the past, until the present.

28. Plaintiff would further show that the Defendant's conduct was done willfully and with malice and that she is entitled to exemplary damages.

29. Defendant's conduct toward Plaintiff caused her mental anguish and/or other nonpecuniary losses, for which Plaintiff seeks past and future compensatory damages.

30. The amount of damages which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.

### VI. REQUEST FOR ATTORNEYS' FEES

31. Plaintiff incorporates the foregoing as if fully set forth herein.

32. 42 U.S. Code § 12205 provides that "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs …."

33. Plaintiff retained the undersigned attorney and law firm to prosecute these claims under the ADA against State Farm. Plaintiff, therefore, seeks her reasonable attorneys' fees, as well as any litigation expenses and costs, if and to the extent she prevails in this proceeding.

## VI. CONDITIONS PRECEDENT

34. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## VII. DEMAND FOR JURY TRIAL

35. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Veneisha Coulter respectfully prays that the Defendant State Farm Mutual Automobile Insurance Company be cited to appear herein, and, on hearing hereof, the Court grant Plaintiff the following relief:

    a. Lost earnings and employee benefits in the past;

    b. Compensatory damages in the past (which may include mental anguish and other nonpecuniary losses);

    c. Exemplary damages;

    d. Front pay;

    e. Reasonable and necessary attorney's fees;

    f. Costs and prejudgment interest; and

    g. Such other and further relief, both legal and equitable, to which Plaintiff may be justly entitled.

Date: November 10, 2021

        Respectfully submitted,

        */s/ Nathanial Martinez*

        **NATHANIAL L. MARTINEZ**
        State Bar Number: 24074661
        nmartinez@palterlaw.com
        **PALTER SIMS MARTINEZ PLLC**
        Preston Commons – East
        8115 Preston Road, Suite 600
        Dallas, TX 75225
        Tel.: (214) 888-3111
        Fax: (214) 888-3109

        **COUNSEL FOR PLAINTIFF VENEISHA COULTER**

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Veneisha Coulter

**(b)** County of Residence of First Listed Plaintiff Dallas County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Nathanial L. Martinez, Palter Sims Martinez, PLLC, 8115 Preston Rd., Ste. 600, Dallas, TX 75225 (214) 888-3114

## DEFENDANTS

State Farm Mutual Automobile Insurance Company

County of Residence of First Listed Defendant Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☒ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 12101

Brief description of cause:
Disability discrimination under ADA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE
Nov 9, 2021

SIGNATURE OF ATTORNEY OF RECORD
Nathanial Martinez

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________